**UNITED STATES OF AMERICA,**
Plaintiff–Appellee,

v.

**Andres CALERO–DROUET,**
Defendant–Appellant.

No. 04–50603.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 7, 2005.

Decided Dec. 30, 2005.

Rm. 6293, USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Chase Scolnick, Esq., FDSD—Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Reinhardt, Circuit Judge, filed opinion, concurring in part, and dissenting in part.

Before: REINHARDT and RAWLINSON, Circuit Judges, and FOGEL, District Judge.*

---

* The Honorable Jeremy D. Fogel, United States District Judge for the Northern District of California, sitting by designation.

## MEMORANDUM **

Andres Calero–Drouet ("Calero–Drouet") appeals his conviction on three counts of bringing in illegal aliens for financial gain, 8 U.S.C. § 1324(a)(2)(B)(ii), and one count of bringing in illegal aliens without presentation, 8 U.S.C. § 1324(a)(2)(B)(iii). Two of the counts of bringing in aliens for financial gain (Counts 1 and 2) arose from events that occurred in 2001; the remaining counts (Counts 3 and 4) were based upon events that occurred in 2004. Calero–Drouet contends that the district court abused its discretion in declining to sever Counts 1 and 2 from Counts 3 and 4 for trial. He also argues that the district court erred in denying his motion for acquittal on Counts 1 and 2. We find no error, and we affirm.

■ The four counts were properly joined pursuant to Rule 8 because they alleged the same or similar conduct. The district court did not abuse its discretion in refusing to sever the counts for trial pursuant to Rule 14 because under Rule 404(b), the evidence as to the individual counts was cross-admissible to show knowledge. *United States v. Herrera–Medina,* 609 F.2d 376, 379–80 (9th Cir. 1979). It is not necessary for purposes of joinder that the alleged conduct in connection with the various counts be identical. *United States v. Ramirez–Jiminez,* 967 F.2d 1321, 1326 (9th Cir.1992).

■ We agree with Calero–Drouet that financial gain is a core element of Counts 1 and 2. *See, United States v. Angwin,* 271 F.3d 786, 803–804 (9th Cir.2001). Although Calero–Drouet made a detailed confession with respect to these counts, and the district court determined that the confession was freely and voluntarily given, the government still had the burden of producing independent evidence to corroborate each essential element of the charged offenses. *Opper v. United States,* 348 U.S. 84, 89, 75 S.Ct. 158, 99 L.Ed. 101 (1954). However, the government's burden of production was considerably less than it would have been in the absence of the confession. Because the principal reason for requiring independent corroboration is to insure that a defendant is not convicted on the basis of a false confession, the government only was required to present enough corroborating evidence to establish the trustworthiness of Calero–Drouet's statement and that the core conduct occurred. *United States v. Lopez–Alvarez,* 970 F.2d 583, 589 (9th Cir.1992).

The government presented independent evidence through immigration officers that Calero–Drouet in fact brought in illegal aliens on June 29 and July 6, 2001. Although there was no direct evidence corroborating Calero–Drouet's express admission that he did so for financial gain, both the absence of any other explanation (such as family ties or some other prior relationship with the individuals he transported) and the sophistication of his subsequent conduct with respect to Count 3 properly were considered as circumstantial evidence that the admission was trustworthy and that the core conduct occurred. *See, United States v. Tsai,* 282 F.3d 690 (9th Cir. 2002); *see also United States v. Norris,* 428 F.3d 907, 915 (9th Cir.2005). Accordingly, the district court did not err in denying Calero–Drouet's Rule 29 motion.

AFFIRMED.

REINHARDT, Circuit Judge,
concurring in part and dissenting in part.

Although I agree that financial gain is a core element of 8 U.S.C.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

§ 1324(a)(2)(B)(ii), I cannot agree that the government satisfied its burden to produce independent evidence to corroborate Counts 1 and 2. A single incident of transporting an alien for financial gain some three years after the other alleged offenses is not alone sufficient to establish independent corroboration for the earlier incidents, especially when the later occurrences are of a substantively different nature. I also disagree that we may hold against the defendant his failure to volunteer an alternative explanation for his conduct. It is his constitutional privilege not to do so, and no adverse inferences are proper. Accordingly, I would reverse the conviction as to Counts 1 and 2.